**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAR 26 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DZUMSUD SHOMAILOVICH
SADYCHOV,

         Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

         Respondent.

No. 10-71832

Agency No. A094-600-572

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 11, 2014
Pasadena, California

Before: D.W. NELSON, PAEZ, and NGUYEN, Circuit Judges.

Dzumsud Shomailovich Sadychov, a native of Azerbaijan and a citizen of

Lithuania, petitions for review of an order of the Board of Immigration Appeals

(BIA) dismissing his appeal of a decision by an immigration judge (IJ) denying his

---

       *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT) from Azerbaijan and Lithuania.

**1.** Sadychov is not eligible for asylum from Azerbaijan because he was firmly resettled in Lithuania before his arrival in the United States. 8 U.S.C. § 1158(b)(2)(A)(vi). An individual is considered firmly resettled if, "prior to arrival in the United States, he or she entered into another country with, or while in that country received, an offer of permanent resident status, citizenship, or some other type of permanent resettlement . . . ." 8 C.F.R. § 208.15.

Sadychov is a citizen of Lithuania, and he lived there for approximately fourteen years before coming to the United States. He met his wife and started a family while living in Lithuania. He also traveled in and out of the country about a dozen times. Substantial evidence supports the BIA's conclusion that Sadychov had firmly resettled in Lithuania. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1151–52 (9th Cir. 2005).

**2.** Sadychov also seeks asylum and withholding of removal from Lithuania and withholding of removal from Azerbaijan. A showing of past persecution creates a rebuttable presumption of eligibility for asylum and withholding of removal. 8 C.F.R. § 208.13(b)(1); 8 C.F.R. § 208.16(b)(1). Persecution is "an extreme concept that does not include every sort of treatment our society regards as

2

offensive." *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (internal quotation marks omitted).

Substantial evidence does not support the IJ's and the BIA's finding that the events in Azerbaijan do not rise to the level of persecution. Sadychov testified that he was attacked and beaten by ultra-nationalist mobs on three separate occasions—once to the point of unconsciousness—because he was a Jew. Although one incident of physical violence will not necessarily compel a finding of persecution, *see Gu v. Gonzales*, 454 F.3d 1014, 1019–20 (9th Cir. 2006); *Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir. 1995), we have squarely held that repeated instances of physical harm over a period of years do rise to the level of persecution. *Ahmed v. Keisler*, 504 F.3d 1183, 1194 (9th Cir. 2007); *see also Chand v. INS*, 222 F.3d 1066, 1075 (9th Cir. 2000).

However, the agency was not compelled to conclude that Sadychov suffered past persecution in Lithuania. In Lithuania, Sadychov experienced only one incident of physical violence, and that incident did "not compare to the severity of physical abuse that in other cases we have deemed persuasive to show persecution." *Nagoulko*, 333 F.3d at 1017; *see also Gu*, 454 F.3d at 1017–18, 1020–21; *Prasad*, 47 F.3d at 339–40. Moreover, the instances of economic and social discrimination Sadychov recounted also did not compel a finding of

3

persecution. *Gormley v. Ashcroft*, 364 F.3d 1172, 1178 (9th Cir. 2004); *Fisher v. INS*, 79 F.3d 955, 962 (9th Cir. 1996) (en banc).

**3.** An applicant who cannot establish past persecution may still establish eligibility for asylum or withholding of removal based on a well-founded fear of or clear probability of future persecution. 8 U.S.C. § 1158(b)(1)(B)(i); 8 U.S.C. § 1101(a)(42)(A); 8 C.F.R. § 1208.16(b)(2). Even where past harm does not rise to the level of past persecution, it is still relevant to determining whether a petitioner's fear of future persecution is well-founded. *See Zhao v. Mukasey*, 540 F.3d 1027, 1028–30 (9th Cir. 2008) (holding that even though prior arrest, interrogation and beating of Falun Gong practitioners did not amount to past persecution, these events did support a finding of a well-founded fear of future persecution); *see also Lim v. INS*, 224 F.3d 929, 935–36 (9th Cir. 2000). We conclude that the IJ and the BIA erred as a matter of law in analyzing well-founded fear of persecution.

Here, in evaluating whether Sadychov had a well-founded fear of persecution in Lithuania, the IJ looked only at the country conditions report, reiterating that the mistreatment Sadychov suffered did not amount to past persecution. The IJ made the same legal error with respect to Sadychov's Azerbaijan-based claims. The IJ denied withholding of removal based on her

4

conclusion that Sadychov failed to meet the lower standard of proof for asylum. The BIA adopted the IJ's reasoning. Because the agency failed to consider the prior harm, economic pressure, and discrimination Sadychov recounted in evaluating whether he had a well-founded fear of future persecution, we grant the petition with respect to Sadychov's claims of asylum and withholding of removal from Lithuania and withholding of removal from Azerbaijan.

**4.** The government argues that we need not reach Sadychov's Azerbaijan-based claims because Azerbaijan was designated as an alternative country of removal. The government is correct that an applicant is not entitled to have the agency adjudicate claims of relief that relate "to a country that nobody is trying to send them to." *She v. Holder*, 629 F.3d 958, 965 (9th Cir. 2010). However, this is not a case where the agency declined to adjudicate a petitioner's claims with respect to the alternative country of removal. Here, the IJ and the BIA did decide Sadychov's Azerbaijan-based claims, and Sadychov is entitled to appellate review of those determinations. On remand, the agency is free to decline to reach the question of whether Sadychov is entitled to withholding of removal from Azerbaijan. *See id.* (upholding agency's decision to pretermit petitioner's Burma-based claims of relief because the designated country of removal was Taiwan, and Burma was only designated as an alternate country of removal). However, should

5

circumstances change such that Azerbaijan is the designated country of removal, the agency must provide Sadychov with notice and an opportunity to reopen his case for full adjudication of his claim of withholding of removal from Azerbaijan. *Id.*

**5.** Sadychov has offered no evidence that it is more likely than not that he would be tortured if returned to either Lithuania or Azerbaijan. *See Nuru v. Gonzales*, 404 F.3d 1207, 1221 (9th Cir. 2005). Accordingly, we deny the petition with respect to Sadychov's claim for CAT relief.

**6.** The parties shall bear their own costs on appeal.

**PETITION GRANTED in part, DENIED in part, and REMANDED.**